# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| **DAWNA L. KEISLER,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **1:06-cv-912-JDT-WTL** |
| | ) | |
| **ENCORE RECEIVABLE MANAGEMENT,** | ) | |
| **INC., et al.,** | ) | |
| **Defendants.** | ) | |

## ENTRY ON PENDING MOTIONS

This cause is before the Magistrate Judge on several pending motions, each of which is discussed and resolved below.

### Motion to Compel

The Plaintiff's Motion to Compel Bank of America to Comply with Document Subpoena (docket #75) has been rendered **MOOT** by Bank of America's production of the documents in question.

### Motion to Amend Complaint to Correct Name and Motion to Withdraw

On May 7, 2007, the Plaintiff filed a motion entitled Motion for Leave to File Second Amended Complaint Correcting Name of Defendant Bank of America (docket #83).  The Plaintiff subsequently moved to withdraw this motion (docket #89).  The motion to withdraw is **GRANTED** and docket #83 is hereby ordered **WITHDRAWN**.

### Motion for Leave to File Revised Second Amended Complaint

In this motion (docket #90), the Plaintiff seeks to amend her complaint to add additional claims against Defendant Encore Receivable Management, Inc., ("Encore") and to withdraw her claims against Defendant Bank of America.  This motion was prompted by the documents that

were received from Bank of America on May 9, 2007, one day prior to the date of the motion.

Upon reviewing the documents, the Plaintiff determined that she did not wish to pursue her

claim against Bank of America and that there were two additional claims that she wished to

pursue against Encore – one for violation of § 1692c(a)(2) of the Fair Debt Collection Practices

Act and one for violation of § 1692e.  Both of these claims, as well as the Plaintiff's original

claims against Encore, arise out of Encore's efforts to collect a debt on behalf of Bank of

America, and the Plaintiff alleges that the newly-produced documents demonstrate knowledge

that Bank of America–and, by extension Encore–had at the relevant time; specifically, that the

Plaintiff was represented by counsel at the time and that she had not "ignored" Bank of

America's attempts to obtain payment.

Encore objects to the Plaintiff's motion to amend on the ground that it is untimely.

Where, as here, a motion to amend is filed after the applicable deadline, the moving party must

demonstrate good cause for permitting the amendment.  *See* Fed.R.Civ.P. 16(b)*; Trustmark Ins.

Co. v. General & Cologne Life Re of America*, 424 F.3d 542, 553 (7th Cir. 2005) ("To amend a

pleading after the expiration of the trial court's Scheduling Order deadline to amend pleadings,

the moving party must show 'good cause.'").  "Rule 16(b)'s 'good cause' standard primarily

considers the diligence of the party seeking amendment." *Id.*  Therefore, the initial question is

whether the circumstances surrounding the timing of the Plaintiff's motion demonstrate that the

Plaintiff acted diligently in seeking to amend her complaint.  In this case, the Plaintiff initially

requested the documents in question well before the discovery deadline and worked diligently to

obtain them, including filing a motion to compel.  The Plaintiff also filed her motion to amend

very quickly–only one day–after receiving the documents.  Therefore, the Magistrate Judge

determines that the Plaintiff acted diligently and has demonstrated good cause for filing her leave to amend after the applicable deadline.

The next issue is whether the Plaintiff is entitled to amend her complaint.  Federal Rule of Civil Procedure 15(a) directs that leave to amend pleadings "should be freely given when justice so requires."  Leave to amend generally should be granted "unless there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'"  *Ferguson v. Roberts*, 11 F.3d 696, 706 (7th Cir. 1993) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Encore asserts that it will be prejudiced if the amendment is permitted because it already has filed summary judgment based upon the Plaintiff's original claims against it and additional discovery likely will be necessary if the Plaintiff is allowed to assert the proposed additional claims.  The mere fact that Encore will have to defend itself against the new claims does not constitute "undue prejudice," however.  If requested, the Court will permit a reasonable extension of the discovery period and dispositive motion deadline so that Encore will have the opportunity to obtain whatever discovery is necessary to defend against the new claims.

Finally, Encore disputes the factual basis for the Plaintiff's proposed additional claims, arguing that the Plaintiff's interpretation of the Bank of America documents is incorrect.  Encore has not demonstrated that the proposed amendment is being made in bad faith, however; rather, it appears that there is a genuine factual dispute.  While Encore's arguments regarding the merits (or lack thereof) of the Plaintiff's claims may ultimately prevail, Encore has not demonstrated that to be a foregone conclusion such that the amendments sought by the Plaintiff are futile on their

3

face.  Therefore, justice requires that the Plaintiff be permitted the opportunity to assert the

proposed new claims.

For the reasons set forth above, the Plaintiff's motion to amend her complaint is

**GRANTED** and the Plaintiff's Revised Second Amended Complaint (Exhibit 1 to docket #90) is

**DEEMED FILED** as of this date.

SO ORDERED:  06/14/2007

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Copies to:

Lawrence M. Benjamin
NEAL, GERBER & EISENBERG, LLP
lbenjamin@ngelaw.com

Bonnie Christine Dragotto
GOMOLINSKI & PHILIPPS LTD
bdragotto@aol.com

Steven James Halbert
shalbertlaw@aol.com

Corinne Cantwell Heggie
HINSHAW & CULBERTSON LLP
cheggie@hinshawlaw.com

Paulette F. Hutnick
BERMAN & RABIN, P.A.
phutnick@bermanrabin.com

David J. Philipps
GOMOLINSKI & PHILIPPS LTD
davephilipps@aol.com

Mary E. Philipps
GOMOLINSKI & PHILIPPS, LTD
mephilipps@aol.com

Daniel S. Rabin
BERMAN & RABIN, P.A.
drabin@bermanrabin.com

David M. Schultz
HINSHAW & CULBERTSON
dschultz@hinshawlaw.com